## JAMES BEATTY *v.* SAMUEL H. RANDALL.

In an action of tort for the conversion of " five hundred and fifty dollars, in good and current money, the same being in bills of the People's Bank of Roxbury," an objection to the declaration, on the ground that it does not sufficiently describe the bills, cannot be taken at the trial upon the merits.

The plaintiff in an action of tort for the conversion of property is not estopped from maintaining the action in his own name, by proof that in a bill in equity formerly brought by the plaintiff and wife against the defendant, which was signed and sworn to by the plaintiff, and afterwards discontinued, it was recited that the plaintiff and his wife were jointly possessed of the property.

Evidence that bank bills were issued by a bank of this commonwealth in the regular course of its business, and had been once transferred and received as money, is sufficient, if uncontrolled, to authorize a jury in finding that they were worth the sums therein promised to the bearer.

TORT for the conversion of " five hundred and fifty dollars, in good and current money." On motion of the defendant, the plaintiff filed a specification of the property, as being in " bills of the People's Bank of Roxbury." The defendant demurred to the declaration, assigning as cause that " it is nowhere averred that specific and identical bank notes were converted." No certificate was attached to this demurrer, and no ruling was made in reference to it.

At the trial in the superior court, before *Putnam,* J., the defendant objected that on this declaration and specification the plaintiff could not recover; but the judge overruled the objection.

Before the commencement of this action, the plaintiff and his wife had brought a bill in equity against the defendant, which was signed and sworn to by the plaintiff, and afterwards discontinued, in which it was recited that the plaintiff and his wife were jointly possessed of the bank bills. The defendant contended that the plaintiff was estopped, by his pleadings in that case, from showing in this case that the bills were his sole property. The judge ruled that there was no estoppel, but that the recitals in the bill were strong evidence against the plaintiff on this point.

The only evidence introduced by the plaintiff, as to the value of the bills was this: One Brandon, an auctioneer, sold some

real estate for the plaintiff; Owen Melan was the purchaser, and, for the purpose of paying for the estate, drew these bills, to the amount of $550, out of the People's Bank, and delivered them to Brandon in part payment, and Brandon received them as such. The defendant claimed that this was no sufficient evidence of the value of the bills; but the judge ruled that this was evidence, if believed by the jury, from which they might find that the value of the bills, at that time, was $550, without further evidence of their marks, numbers or denomination.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. H. Randall, pro se.*

*O. Stevens,* for the plaintiff.

BY THE COURT. The objection now made to the plaintiff's declaration is not open to the defendant in this stage of the case. It could be taken only by demurrer, and could avail only by a judgment sustaining it. The defendant demurred, but did not specially point out the particulars in which the declaration was defective, nor certify that in his opinion there was probable ground in law for demurring, as required by the Gen. Sts. c. 129, § 12. For this reason, probably, the demurrer was waived or abandoned by the defendant, or was disregarded by the court, and the defendant went to trial on the merits.

It was correctly ruled, at the trial, that the plaintiff was not estopped by his allegations in his bill in equity which he formerly brought against the defendant. At the most they were evidence against the plaintiff, to be considered by the jury. 1 Greenl. Ev. § 212. 2 Dan. Ch. Pr. 976. See *Boileau* v. *Rutlin,* 2 Exch. 665, and Roscoe on Ev. (10th ed.) 164.

The question as to the value of the bank bills alleged to have been converted by the defendant was rightly submitted to the jury on the evidence. Slight evidence, if uncontrolled, is sufficient to prove that bills of the banks in this state are current as money, and are worth the sum therein promised to the bearer. If these bills had been stolen from the plaintiff, an indictment describing them as they are described in this declaration, and

evidence like that which was given in this case, would have warranted a conviction of the thief. *Commonwealth* v. *Stebbins*, 8 Gray, 492. *Exceptions overruled.*